# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2025

Lyle W. Cayce
Clerk

No. 24-30035

Town of Vinton,

*Plaintiff—Appellee*,

*versus*

Indian Harbor Insurance Company; Lexington
Insurance Company; QBE Specialty Insurance Company;
Steadfast Insurance Company; United Specialty
Insurance Company; General Security Indemnity
Company of Arizona; Old Republic Union Insurance
Company; Safety Specialty Insurance Company,

*Defendants—Appellants*,

CONSOLIDATED WITH

No. 24-30748

Police Jury of Cameron Parish,

*Plaintiff—Appellee*,

*versus*

Indian Harbor Insurance Company; QBE Specialty
Insurance Company; Steadfast Insurance Company;
General Security Indemnity Company of Arizona;

UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; OLD REPUBLIC UNION INSURANCE COMPANY,

*Defendants—Appellants*,

CONSOLIDATED WITH

———————

No. 24-30749

———————

CAMERON PARISH RECREATION #6,

*Plaintiff—Appellee*,

*versus*

INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; OLD REPUBLIC UNION INSURANCE COMPANY

*Defendants—Appellants*,

CONSOLIDATED WITH

———————

No. 24-30750

———————

CERTAIN UNDERWRITERS AT LLOYDS LONDON, SUBSCRIBING TO POLICY NO AMR-60898-02; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED

2

SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; HDI GLOBAL SPECIALTY SE; OLD REPUBLIC UNION INSURANCE COMPANY,

*Plaintiffs—Appellants*,

*versus*

CAMERON PARISH RECREATION #6,

*Defendant—Appellee*,

CONSOLIDATED WITH

————————

No. 24-30751

————————

CERTAIN UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING TO POLICY NO. AMR-42386-05; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; HDI GLOBAL SPECIALTY SE; OLD REPUBLIC UNION INSURANCE COMPANY,

*Plaintiffs—Appellants*,

*versus*

POLICE JURY OF CAMERON PARISH,

*Defendant—Appellee*,

3

CONSOLIDATED WITH

———————————

No. 24-30756

———————————

SCHOOL BOARD OF CAMERON PARISH,

*Plaintiff—Appellee*,

*versus*

INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; OLD REPUBLIC UNION INSURANCE COMPANY,

*Defendants—Appellants*,

CONSOLIDATED WITH

———————————

No. 24-30757

———————————

CERTAIN UNDERWRITERS AT LLOYDS LONDON, SUBSCRIBING TO POLICY NO AMR-41923-05; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; HDI GLOBAL SPECIALTY SE; OLD REPUBLIC UNION INSURANCE COMPANY,

*Plaintiffs—Appellants*,

4

*versus*

SCHOOL BOARD OF CAMERON PARISH,

*Defendant—Appellee.*

---

Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 2:23-CV-240, 2:22-CV-5348,
2:22-CV-5287, 2:22-CV-5286,
2:22-CV-5345, 2:22-CV-5283,
2:22-CV-5280

---

Before HAYNES, HO, and OLDHAM, *Circuit Judges.*

JAMES C. HO, *Circuit Judge*:

A group of insurance companies seek to compel a Louisiana town to arbitrate a dispute, even though Louisiana law expressly prohibits arbitration agreements for insurance contracts covering property located in the state.

Vinton, a town in Calcasieu Parish, entered into an insurance policy with a group of foreign and American insurers. After initially suing the entire group of insurers in Louisiana state court for breach of contract, Vinton dismissed the foreign insurers with prejudice. The court granted that motion.

The remaining American insurers then removed the case to the Western District of Louisiana and filed a motion to compel arbitration pursuant to the arbitration agreement in the contract. The district court denied the American insurers' motion to compel arbitration based on Louisiana law.

The American insurers argue that the court was required to compel arbitration by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. But the Convention applies only when a foreign citizen is a party to the arbitration agreement. There is no foreign party to any

5

No. 24-30035
c/w Nos. 24-30748, 24-30749, 24-30750, 24-30751, 24-30756, 24-30757

arbitration agreement at issue in this case. An endorsement in the insurance contract here states that the insurance policy is to be treated as a "separate contract" between the insured and each of the insurers.

Numerous courts have concluded in similar contexts that such terms are sufficient to create separate agreements to arbitrate from one arbitration clause. We agree. Because the foreign insurers are no longer parties, there is no foreign party to any agreement to arbitrate in this case. Accordingly, the district court was correct to apply Louisiana law instead of the Convention. We affirm.

## I.

Vinton, a town in Calcasieu Parish, purchased a surplus line insurance policy—insurance for unique risks. That policy brought in numerous foreign and domestic insurance companies. The Declaration Page notes that "[the] Policy consists of . . . coverage parts" which each have their own policy numbers and premiums. But they combine to form one overarching policy.

This policy contains an arbitration agreement with a delegation clause. It requires that "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out." There are also overriding endorsements that modify the contract. Of particular note here, the Contract Allocation Endorsement states that each "contract shall be constructed as a separate contract between the Insured and each of the Underwriters."

Vinton sued the foreign and domestic insurers in Louisiana state court for breach of contract. Vinton then dismissed the foreign insurers with prejudice.

The American insurers removed the case to the Western District of Louisiana. There, they moved to compel arbitration and stay the district court proceedings under the Convention and the Federal Arbitration Act (FAA).

The district court denied their motion. The court determined that the agreement consisted of separate contracts between each insurer and Vinton. Because the two foreign insurers were dismissed with prejudice, the lack of foreign parties meant that the Convention did not apply. Additionally, the court held that the Convention did not compel arbitration under a theory of equitable estoppel.

The American insurers appealed. Meanwhile, the same district court in a different insurance arbitration case certified several questions to the Louisiana Supreme Court. A panel of this court held the case in abeyance while the Louisiana Supreme Court answered the certified questions. The Louisiana Supreme Court concluded state law prohibits arbitration clauses in insurance agreements and applies to municipalities, and it held equitable estoppel did not apply. *See Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-00449, p. 5–17 (La. 10/25/24), 395 So. 3d 717, 722–30.

We review motions to compel arbitration de novo. *Bufkin Enter. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 729 (5th Cir. 2024).

## II.

The American insurers advance three arguments on appeal. First, they argue that the district court erred by failing to compel arbitration under the Convention. Second, they argue that even if the Convention does not apply facially, it should instead be applied through equitable estoppel. Third, they argue that the delegation clause in the arbitration agreement directs the court to compel arbitration. We address each in turn.

No. 24-30035
c/w Nos. 24-30748, 24-30749, 24-30750, 24-30751, 24-30756, 24-30757

## A.

The Convention requires courts to compel arbitration at the request of a party if the parties have made an arbitration agreement that falls within the Convention's scope. 21 U.S.T. 2517 art. II(3). The Convention is implemented through Chapter 2 of the Federal Arbitration Act. The Act states that an "action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.

We will apply the Convention where (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002) (cleaned up).

The only issue here is whether any party to the agreement is not an American citizen. Ten insurers signed the overarching contract, including two foreign insurers. Vinton initially sued all ten, but later dismissed the two foreign insurers with prejudice. So, the question on appeal is whether the arbitration agreement is governs Vinton and all ten insurers collectively, or between Vinton and each insurer separately.

We start and end with the text of the contract. The Contract Allocation Endorsement states that "[t]his contract shall be constructed as a separate contract between the Insured and each of the Underwriters." Numerous courts have concluded that similar "separate contracts" language creates separate agreements to arbitrate from one arbitration clause. *See Stonelake Condo. Ass'n v. Certain Underwriters at Lloyd's*, 726 F.Supp.3d 639, 647 (M.D. La. 2024) (collecting cases). We see no basis for departing from that consensus.

No. 24-30035
c/w Nos. 24-30748, 24-30749, 24-30750, 24-30751, 24-30756, 24-30757

The American insurers argue that the text of the arbitration clause suggests that the overall policy is still one arbitration agreement. They note that the agreement refers to the "companies" collectively, and claim that this suggests that the arbitration clause is part of a single overall contract.

But even if we were to agree that the text of the arbitration clause conflicts with the text of the Contract Allocation Endorsement, the result is the same. We have held that "if a conflict between [an] endorsement and the policy exist, the endorsement prevails." *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 605 (5th Cir. 2018). This result is further reinforced by the canon of contra proferentem—any textual ambiguity in a contract is generally construed against the drafter. *See Weir v. Fed. Asset Disposition Ass'n*, 123 F.3d 281, 286 (5th Cir. 1997).

Because there are no foreign parties to the arbitration agreement in this case, the Convention does not apply.

**B.**

The American insurers argue in the alternative that arbitration should be compelled under the Convention through equitable estoppel. State contract law determines whether a contract can be enforced by or against nonparties using equitable estoppel. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009).

The American insurers rely on *Bufkin Enterprises, L.L.C. v. Indian Harbor Insurance Company,* 96 F.4th 726, 729–33 (5th Cir. 2024), to argue that this court should compel arbitration through equitable estoppel. *Bufkin* held that equitable estoppel is appropriate under Louisiana law to compel arbitration under the Convention even if the policy was several separate contracts. *Id.* at 730–32. Where a signatory alleges substantially "interdependent and concerted conduct by both [a] non-signatory and one or more of the signatories" to a contract with an arbitration clause, the non-

9

signatory may compel arbitration with a signatory. *Id.* at 730 (citing *Pontchartrain Nat. Gas Sys. v. Tex. Brine Co.*, 2018-1249 p. 36–39 (La. App. 1 Cir. 12/30/20), 317 So. 3d 715, 743–45).

The American insurers argue that the present case mirrors *Bufkin* because Vinton has alleged substantially interdependent and concerted conduct by the domestic and foreign insurers. Thus, according to the American insurers, as non-signatories they can compel arbitration through estoppel under Vinton's arbitration agreement with the foreign insurers.

But the Louisiana Supreme Court has now held that *Bufkin*'s "conclusion [is] flawed and not supported by Louisiana law." *Police Jury*, 395 So. 3d at 729.

*Police Jury* explained that La. R.S. 22:868 applies and "prohibits the use of arbitration clauses in Louisiana-issued insurance policies." *Id.* And because equitable estoppel cannot contravene Louisiana positive law, La. R.S. 22:868 precludes the use of estoppel to compel arbitration here. *Id.*

The American insurers theorize that *Police Jury* is irrelevant because *Bufkin* is based on federal law, and does not turn on state law principles of equitable estoppel. But that badly misreads *Bufkin*, which expressly relies on Louisiana courts and federal courts applying Louisiana law. *See Bufkin Enter. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 730 (5th Cir. 2024) (citing *Pontchartrain Nat. Gas Sys. v. Tex. Brine Co.*, 2018-1249 p. 36–39 (La. App. 1 Cir. 12/30/20), 317 So. 3d 715, 743–45).

## C.

Finally, the American insurers argue that the arbitration agreement's delegation clause requires the court to refer the claim to arbitration to allow the arbitrator to decide whether the arbitration agreement is enforceable. This puts the cart before the horse. Before applying a delegation clause, we

No. 24-30035
c/w Nos. 24-30748, 24-30749, 24-30750, 24-30751, 24-30756, 24-30757

first determine whether the parties have a valid arbitration agreement. *See Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016). So "[w]hen a statute prevents the valid formation of an arbitration agreement ... we cannot compel arbitration, even on threshold questions of arbitrability." *S.K.A.V. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121, 1125 (5th Cir. 2024). State law prevents the valid formation of an arbitration agreement here. *See Police Jury*, 395 So.3d at 728.

\* \* \*

We affirm.